## UNIT PURCHASE AGREEMENT

THIS UNIT PURCHASE AGREEMENT (the "Agreement") is made and entered into this 29th day of June, 2012, by and between Deborah R. Rasby ("Rasby") and James D. Pillen ("Pillen"), and relates to the sale of ownership interests in the following entities (herein collectively the "Subject Entities"):

Double D Family Farms, LLC, a Nebraska limited liability company ("Double D");
Northern Nance, LLC, a Nebraska limited liability company ("Northern Nance");
Northern Plains, LLC, a Nebraska limited liability company ("Northern Plains");
PST Milling, Inc., a Nebraska corporation ("Milling")
PST Gene Center, LLC, a Nebraska limited liability company ("Gene Center"); and
Progressive Swine Technologies, Inc., a Nebraska corporation ("PST").

WHEREAS, Rasby owns the following interests in the Subject Entities:

Double D - 5 units out of 100 total outstanding units;
Northern Nance - 10 units out of 100 total outstanding units;
Northern Plains - 10 units out of 100 total outstanding units;
Milling - 100 shares out of 1,000 total outstanding shares;
Gene Center - 10 units of out 100 total outstanding units; and
PST - 10 units out of the 100 total outstanding units.

WHEREAS, Northern Nance is indebted to Rasby in the principal amount of $350,000.00 (the "Subordinated Debt"); and

Rasby desires to sell all of her interests in the Subject Entities (including the Subordinated Debt) and Pillen desires to purchase all of said interests from Rasby on the terms and conditions of this Agreement.

FOR VALUABLE CONSIDERATION, the parties agree as follows:

1. **Price and Terms**. Effective as of Closing, as hereunder defined, Rasby shall transfer to Pillen all of her ownership interests in the Subject Entities, including the Subordinated Debt (herein collectively the "Purchased Interests"). Pillen shall pay to Rasby the sum of Two Million Three Hundred Fifty Thousand Dollars ($2,350,000) in full consideration for the Purchased Interests. Said funds shall be paid in immediately available funds at Closing. The parties agree that the purchase price shall be allocated among the Purchased Entities and the repayment of the Subordinated Debt as follows:

**EXHIBIT A**

| | |
|---|---:|
| Double D: | $192,601.00 |
| Northern Nance: | $1,090,096.00 |
| Northern Plains: | $57,373.00 |
| Milling: | $380,844.00 |
| Gene Center: | $155,318.00 |
| PST: | $123,768.00 |
| Subordinated Debt Repayment: | $350,000.00 |
| TOTAL | $2,350,000.00 |

2. **Closing.** The date of the closing (the "Closing") for the Purchased Interests shall be no later than June 29, 2012.

3. **Representations of Rasby.** Rasby represents and warrants to Pillen that the Purchased Interests are conveyed and assigned to Pillen free and clear of all liens and encumbrances and that Rasby has full authority to transfer the Purchased Interests to Pillen without the consent or agreement of any other party. Rasby further represents and warrants that the Purchased Interests represent any and all interests of Rasby in the Subject Entities.

4. **Releases.** Rasby and Pillen acknowledge and agree that this Agreement is intended as a complete termination and resolution of the business dealings between Rasby and Pillen and the Subject Entities. Except for, and subject to, any obligations set forth in this Agreement, (i) each of Pillen and the Subject Entities, on behalf of it/himself and its/his partners, affiliates, attorneys, successors, assigns, heirs, agents, employees, representatives and insurers (and each of their respective partners, affiliates, subsidiaries, directors, officers, attorneys, successors, assigns, heirs, agents, employees, representatives and insurers) (the "Pillen Parties") hereby unconditionally and fully release and discharge each of Rasby and her assigns, heirs, agents, employees, representatives and insurers (and each of their respective partners, affiliates, subsidiaries, shareholders, directors, officers, attorneys, successors, assigns, heirs, agents, employees, representatives and insurers) (the "Rasby Parties") from any and all obligations, claims, actions, liability, past, present, and future, of every kind or character, known or unknown, and unforeseen injuries and damages, and the consequences which the Pillen Parties have or may have in the future, by reason of, growing out of, arising out of or existing in connection with the business dealings between the parties, including, but not limited to Rasby's employment by, or ownership of any interest in, the Subject Entities. Likewise, the Rasby Parties hereby unconditionally and fully release and discharge the Pillen Parties from any and all obligations, claims, actions, liability, past, present, and future, of every kind or character, known or unknown, and unforeseen injuries and damages, and the consequences which the Rasby Parties have or may have in the future, by reason of, growing out of, arising out of or existing in connection with the business dealings between the parties, including, but not limited to, Rasby's employment by, or ownership of any interest in, the Subject Entities.

5. **Distributions and Allocation of Income.** The parties agree that Rasby shall not be entitled to any dividends or distributions from any of the Subject Entities with regard to the 2012 taxable year of any of the Subject Entities; provided, however, that, notwithstanding anything to the contrary in this Agreement, in the event any income of any of the Subject Entities with regard to the 2012 taxable year is allocated to Rasby, each such Subject Entity to which such an allocation relates shall promptly distribute, and Pillen shall cause the Subject Entities to distribute to Rasby, in cash, an amount equal to Rasby's state and federal income tax liability (including any penalties and interest) relating to such

2

**EXHIBIT A**

allocation. The effective date of the transfer of the Purchased Interests shall be January 1, 2012, such that all income generated by the Subject Entities in calendar year 2012 and allocable to the Purchased Interests shall be allocated to Pillen for federal and state income tax reporting purposes. With regard to 2011 and prior years, the parties shall be liable for the income of the Subject Entities allocable to them based on their respective ownership interests in said years. With regard to any distributions made to Rasby from the Subject Entities during 2012, the applicable Subject Entity will issue a Form 1099 to Rasby and Rasby will be responsible for reporting and paying income tax associated with said payments.

6. <u>Deliveries at Closing</u>. At Closing, Rasby agrees to sign, deliver and release to Pillen such documents as are reasonably necessary to assign and transfer all the Purchased Interests to Pillen or Pillen's nominee and to consent to dissolution of PST. Pillen agrees to deliver to Rasby the purchase price for the Purchased Interests in immediately available funds by cashier's check or wire transfer. The parties each, for no additional consideration, agree to execute and deliver such other and further documents as may be necessary to consummate and document the matters described in this Agreement.

7. <u>Miscellaneous</u>.

   a. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of Nebraska.

   b. <u>Entire Agreement</u>. This Agreement contains the understandings and agreement of the parties, and shall supersede all previous negotiations and writings. This Agreement shall not be released, discharged, abandoned, changed or modified in any manner, except by a written document signed by the parties.

   c. <u>Severability</u>. If any term or provision of this Agreement or corresponding Schedules shall to any extent be invalid or unenforceable, the remainder of this Agreement shall not be affected.

   d. <u>Further Assurances</u>. Each party will, whenever reasonably requested to do so by the other party, promptly execute and deliver any and all further documents and accomplish such acts as may be necessary to effectuate this Agreement.

   e. <u>Time of the Essence</u>. Time is of the essence of this Agreement.

   f. <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the parties and their respective heirs, devisees, personal representatives, successors and assigns.

   g. <u>Paragraph Titles</u>. Any title of a paragraph of this Agreement is inserted for convenience only and shall be disregarded in construing or interpreting the provisions of this Agreement.

EXHIBIT A

IN WITNESS WHEREOF, the undersigned have executed and delivered this Agreement effective as of the date and year first above written.

Double D Family Farms, LLC
Northern Nance, LLC
Northern Plains, LLC
PST Milling, Inc.
PST Gene Center, LLC
Progressive Swine Technologies, Inc.

By: _____
JAMES D. PILLEN, Authorized Signer

_____
DEBORAH R. RASBY

_____
JAMES D. PILLEN

**EXHIBIT A**

STATE OF NEBRASKA )
) ss.
COUNTY OF Platte )

    The foregoing instrument was acknowledged before me this 29 day of June, 2012, by Deborah R. Rasby.

(SEAL)

BRENDA A. JAZWICK
MY COMMISSION EXPIRES
October 13, 2013

_____
Notary Public

STATE OF NEBRASKA )
) ss.
COUNTY OF _____ )

    The foregoing instrument was acknowledged before me this ___ day of June, 2012, by James D. Pillen, individually, and as an authorized signer of the Subject Entities.

(SEAL)

_____
Notary Public

5

EXHIBIT A

STATE OF NEBRASKA  )
                   ) ss.
COUNTY OF _____)

The foregoing instrument was acknowledged before me this ___ day of June, 2012, by Deborah R. Rasby.

(S E A L)

_____
Notary Public


STATE OF NEBRASKA  )
                   ) ss.
COUNTY OF Platte   )

The foregoing instrument was acknowledged before me this 29 day of June, 2012, by James D. Pillen, individually, and as an authorized signer of the Subject Entities.

(S E A L)

*Brenda A. Jazwick*

BRENDA A. JAZWICK
MY COMMISSION EXPIRES
October 13, 2013

_____
Notary Public

5

**EXHIBIT A**