THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DEBORAH RASBY and DOUGLAS RASBY, husband and wife,** ) | **CASE NO: 8:15-cv-226** |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **BRIEF SUPPORTING PLAINTIFFS' MOTION TO QUASH** |
| ) | |
| **JAMES D. PILLEN, an individual,** ) | |
| ) | |
| Defendant. ) | |

The Plaintiff hereby submits the following brief in support of her Objection to Subpoena and Motion to Quash, which was filed concurrently with this brief.

## INTRODUCTION

On December 23, 2015, The Defendant filed a Notice of Intent to Serve Rule 45 Subpoena upon Roger Wells and the firm of McGrath North Mullin & Kratz (collectively the "Law Firm") [Doc. 24]. The Notice stated that, on or after January 2, 2016, the Defendant will serve a subpoena upon the Law Firm seeking the following:

> Information relative to [the Law Firm's] representation of Plaintiff Deborah Rasby with respect to the negotiation, drafting, revision, and voluntary execution of the Unit Purchase Agreement attached hereto as Exhibit "A." [Doc. 24, p.3]

Plaintiff objects to this subpoena pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii) as it requests information protected by attorney client privilege and/or protected work product.

## ARGUMENT

### 1. DEFENDANT'S SUBPOENA SEEKS PRIVILEGED INFORMATION

**A. The requested documents are protected by attorney-client privilege.**

Defendant is attempting to get the file from Plaintiff's previous counsel. The Eighth Circuit has held "confidential communications between an attorney and his client are absolutely

privileged from disclosure against the will of the client." *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 601 (8th Cir. 1977).  The Eight Circuit has provided six elements for privilege to apply, which include: (1) The holder of the privilege was, or sought to be, a client; (2) The communication was made to or by an attorney, or his/her representatives; (3) The communication was made to give or request legal advice or services; (4) The communication was confidential; (5) The communication was not used to commit a crime or tort; and (6) The privilege holder has claimed and not waived this privilege. *See Diversified Industries,* 572 F.2d at 601-602.

In the present matter, the Defendant's subpoena requests information pertaining to the Law Firm's representation of Deborah Rasby. This request clearly seeks privileged and confidential communications between Ms. Rasby and her attorneys which were made to request and render legal services. These requested communications meet all of the required elements set out in *Diversified Industries* and they are subject to protection.

Furthermore, the party seeking to overcome an attorney-client privilege has the burden of proof. *See Pfizer Inc. v. Lord*, 456 F.2d 545. The Defendant has not provided any evidence that Ms. Rasby waived her privilege in this matter and there have been no claims that the requested communications were used for some criminal or tortious purpose. The Defendant has failed to show any justification for overturning this privilege.

**B. The requested documents are protected by work-product privilege.**

In addition to the attorney-client privilege, the documents requested by the Defendant's subpoena are also protected as attorney work-product. The United States Supreme Court has held that, without a showing of necessity or proper justification, an attorney's work-product cannot be obtained, stating:

> As such, it [attorney work-product] falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.

*Hickman v. Taylor*, 329 U.S. 495, 510, 67 S.Ct. 385, 393 (1947). This privilege is partially codified and recognized in Rule 26(b)(3). The Eighth Circuit Court of Appeals has stated:

> Such work product is discoverable only upon a showing of substantial need and an inability to secure the substantial equivalent of the items through alternate means without undue hardship.

*In re Murphy*, 560 F.2d 326, 334 (8th Cir. 1977).

This issue was directly addressed in the *Murphy* case, when the U.S. Government attempted to review the complete files of three law firms that previously represented another party. 560 F.2d at 330. The Court denied these attempts and held that those files were privileged work-product. *Id.* The Court further held that attorney work-product privilege continues and endures even after the representation or litigation terminates and can it be enforced in unrelated matters. *Id.* at 334. Specifically, the Court stated:

> The primary purpose of the work product privilege is to assure that an attorney is not inhibited in his representation of his client by the fear that his files will be open to scrutiny upon demand of an opposing party. Counsel should be allowed to amass data and commit his opinions and thought processes to writing free of the concern that, at some later date, an opposing party may be entitled to secure any relevant work product documents merely on request and use them against his client. The work product privilege would be attenuated if it were limited to documents that were prepared in the case for which discovery is sought. What is needed, if we are to remain faithful to the articulated policies of Hickman, is a perpetual protection for work product, one that extends beyond the termination of the litigation for which the documents were prepared. Any less protection would generate the very evils that the Court in Hickman attempted to avoid. *Id.*

The Defendant in this matter has demanded the files and mental impressions of Ms. Rasby's attorneys. These files are pure attorney work-product and they are privileged. The Defendant has provided no evidence that this information is substantially necessary; he has not

shown that the information he seeks could not be obtained through alternative means; and he has not alleged any other extraordinary circumstances which would allow the Court to overcome this privilege. Therefore, the Defendant's subpoena should be quashed.

### C. The Plaintiffs have insufficient information to create a privilege log

Fed. R. Civ. P. 26(b)(5)(A) requires that a party claiming privilege must also:

(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

However, in this case the Plaintiffs are not in possession of the requested documents and the Plaintiffs' counsel has had no opportunity to review the requested files. As a result, the Plaintiffs are unable to provide such descriptions at this time. The language of the Defendant's request makes it clear that he is seeking privileged materials but the Plaintiffs are unable to provide a privilege log at this time.

## CONCLUSION

The documents requested by the Defendant's subpoena are privileged as both attorney-client communications and attorney work-product. The Defendant has asserted no substantial need or adequate justification to overcome these privileges. Therefore, the Plaintiffs respectfully request that the Court quash the Defendant's subpoena. Failing that, the Plaintiffs respectfully request that all documents produced in response to the Defendant's subpoena be sent first to the Plaintiffs' counsel so that they may be reviewed to determine which specific documents are subject to privilege and prepare a privilege log.

        Respectfully submitted,
        DEBORAH RASBY and DOUGLAS RASBY,
        Plaintiffs,

By:    /s/ Robert S. Sherrets
       James D. Sherrets, NE #15756
       Diana J. Vogt, NE #19387
       Robert S. Sherrets, NE #24791
       Jared C. Olson, NE #25288
       SHERRETS BRUNO & VOGT LLC
       260 Regency Parkway Drive
       Suite 200
       Omaha, NE  68114
       Tele:  (402)390-1112
       Fax:   (402)390-1163
       law@sherrets.com
       ATTORNEY FOR THE PLAINTIFF

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 31st day of December, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and a true and correct copy of the foregoing document was served, via electronic mail, upon the following:

Mark A. Fahleson
Rembolt Ludtke
1128 Lincoln Mall
Suite 300
Lincoln, NE 68508
MFahleson@remboltlawfirm.com

         /s/ Robert S. Sherrets