# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH RASBY,<br><br>          Plaintiff,<br><br>vs.<br><br>JAMES D. PILLEN,<br><br>          Defendant. | 8:15CV226<br><br>PROTECTIVE ORDER |

This matter comes before the Court following a conference with counsel on March 3, 2016, and the parties' request for a protective order. Both parties proposed draft orders. The defendant's Motion for Protective Order (Filing No. 41) is denied, except as set forth herein. Good cause exists to enter a protective order governing discovery in this matter as follows.

    1. DEFINITIONS. Limitations under this Protective Order on the use or disclosure of documents, deposition testimony or other discovery designated as "Confidential" shall apply to (a) all information, copies, extracts and complete or partial summaries prepared or derived from such documents or testimony; (b) portions of deposition transcripts, answers to interrogatories, responses to requests for admissions, responses to requests for production, initial disclosures and exhibits thereto which directly refer or directly relate to any such information, documents, copies, extracts or summaries; and (c) portions of briefs, memoranda or any other writing filed with the Court and exhibits thereto which directly relate to any such information, documents, copies, extracts or summaries.

    The fact that any document or type of document is referenced in this section has no effect on the status of any document that may be protected under the attorney-client privilege or by the terms of the attorney work-product doctrine as set forth in the applicable court rules and either party is entitled to object to production of documents or information on any legal or equitable grounds applicable to said documents or information.

    2. CONFIDENTIAL DOCUMENTS. Before produced documents are copied or inspected, the producing party may stamp as "Confidential" any document or deposition

testimony it believes contains confidential or proprietary business information and/or trade secrets in order to limit disclosure as set forth in this Paragraph 2. Documents may also be designated as "Confidential" by written notice to opposing counsel which identifies the documents so designated by Bates number. Documents designated "Confidential," deposition testimony so designated, and information derived therefrom will be retained by counsel and will not be used for any purpose other than this litigation and will not be disclosed except pursuant to court order entered after notice, to anyone except:

    a. Counsel who have signed this Order approving it as to form and content, attorneys who are employed or are members of the law firms of counsel who have signed this Order, retained outside counsel, in house counsel, law clerks, secretaries or paralegals employed by any of the above;

    b. Experts and consultants retained by either of the parties for purposes of assisting in the preparation or presentation of claims or defenses;

    c. Any deposition or trial witness, during the course of deposition or trial testimony or in preparation for such testimony, when necessary to the testimony of such witness;

    d. Any person who was involved in the preparation of the document;

    e. Court, Court personnel, court reporters and similar personnel;

    f. The named parties to this case, excluding their agents and/or representatives except those identified herein;

    g. Any other person with the prior written consent of the party producing the document, pleading or deposition testimony.

Prior to receiving or being shown such documents or deposition testimony, persons falling in the categories listed above in subparagraphs (b), (c), (d), (f) and (g) shall be shown a copy of, and shall agree in writing, or on the record during trial or deposition, to be bound by the terms of this Protective Order. Written consent as described in this paragraph shall be maintained by the office of the attorney obtaining the signature and need not be provided to opposing counsel unless and until there is an issue regarding the confidentiality of information described herein. During a deposition, any party asserting confidentiality of any of its documents shall ask the deponent on the

record to accept the terms of this Order. If the deponent refuses to assent, disclosure of the documents during deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

    3. HARD DRIVE.  Plaintiff may retain one or more Third Party information technology specialists (IT Expert) as necessary to convert or review any electronic information relevant to this case.  The IT Expert may search such data at the direction of either party with the consent of the other party and provide copies of any such material to both parties.

    Should counsel believe any material produced to the opposing party's counsel is privileged from production, counsel for the party asserting such privilege shall notify opposing counsel within ten business days of receiving the material.  Upon such request by counsel, the counsel receiving the notice of privilege shall immediately deliver all copies of the material to the counsel asserting privilege and that party shall not be deemed to have waived any privilege.

    All information acquired by the IT Expert shall be deemed to be confidential and, except as provided in this Order, the IT Expert is hereby ordered to not reveal such information to others without order of the Court. The parties shall determine which charges for the services of an IT Expert will be paid by which party.

    Identity of the engaged party shall be disclosed promptly to counsel for the Defendant who shall have full access to all findings and communications with the IT expert.

    No communications with or of the IT expert shall be deemed privileged or subject to the attorney work product doctrine.

    4. DOCUMENTS ALREADY PRODUCED.  Within ten days of the entry of this Order, a party may inform the party to whom documents have been produced that it considers certain documents already produced as being subject to this Order as "Confidential".

    5. THIRD PARTY WITNESSES.  A copy of this Protective Order shall be served with a subpoena or Notice of Deposition on each third party deponent.  A third party

witness may designate a document as "Confidential" pursuant to this Order by stamping it with such notice prior to production or so identifying it on the record during the deposition of that third party.  Either party may also designate documents produced by a third party as being "Confidential" pursuant to the terms of this Order within ten (10) days of being made aware of the content of such documents.  Any document produced by a third party shall be treated as "Confidential" pursuant to the terms of this Order for such ten (10) day period and thereafter if designated as "Confidential" by either party or by the third party which produces it.  The "Confidential" restrictions of this Order shall no longer apply to any document produced by a third party which has not been designated as "Confidential" by the third party or by a party within such ten (10) day period.

      6. CHALLENGE TO DESIGNATION.  Any party may challenge the "Confidential" designation of any document, by filing a motion with the Court to challenge the confidentiality designation. The parties shall attempt to resolve such disagreement before submitting it to the Court.  If the challenging party files such a motion within such time, the documents shall continue to be treated as "Confidential" pursuant to the terms of this Order until such time as the Court has made a ruling with respect to the motion. The burden to prove the document is not privileged or confidential is on the moving party.

      7. RETURN OF DOCUMENTS. Upon completion of the litigation all documents and copies of the same designated "Confidential" shall be destroyed or returned to counsel for the producing party with a signed statement reflecting the disposition. This Order shall not terminate upon the conclusion of this action but shall continue until the further order of the Court or until the party claiming confidentiality has waived the same in writing.

      8. USE OF DOCUMENTS. Documents produced by any party, including, but not limited to, "Confidential" documents and information from any documents acquired in discovery in this litigation shall not be used for any purpose except in connection with this litigation. Nothing in this Order shall limit any party or person in its use of its own documents or from disclosing its own documents and information. This Order or production of any documents shall not affect the admissibility of any such document or be deemed a waiver of any objection to the admissibility of such documents.

9. EXCEPTIONS. The restrictions embodied in this Order shall be binding on the party to whom "Confidential" information is disclosed unless and until there is a showing that:

   a. Such information was or has become public knowledge absent a breach of this Protective Order; or

   b. The party to whom such disclosure was made had already learned such information from a third party who himself has not breached any confidential relationship which may have existed or exists between such third party and the party making the disclosure; or

   c. The party asserting a claim to confidentiality has effected a disclosure to a party or nonparty.

   d. Paragraph 9(c), above, does not include counsel retained to represent any party in this litigation.

10. FILING OF DOCUMENTS WITH CONFIDENTIAL INFORMATION. The parties hereby agree that documents containing information that has been designated as "confidential" may be filed at the option of the party filing the document as "restricted" pursuant to NECivR 5.3. This allows electronic access to the document only by the parties and by the Court. If either party believes that a document to be filed with the Court contains confidential information of such importance that it should not be filed even under restriction and redaction of that material is not a realistic option, that party may request the court to allow filing of the document under seal pursuant to NECivR 7.5.

11. NON-EXCLUSIVITY. This Order does not affect the right of a party to seek to compel disclosure or production of a document or to seek an order modifying or limiting this Order in any aspect. The obligations and prohibitions under this Order are not exclusive. All other ethical, legal and equitable obligations are unaffected by this Order.

12. WAIVER. Any waiver under this Order must be made in writing or, if at a deposition or in Court, on the record.

13. ENFORCEMENT. Each party or person whose representative has signed this Order is bound by and subject to the obligations and prohibitions set forth herein as

if the terms had been established by Court Order. Any party or person subject to this Order who violates any of its terms or provision may be subject to an Order of the Court imposing any penalties allowed under Fed. R. Civ. P. 37 or any other penalty the Court deems appropriate. The parties explicitly agree that no party or party's representative shall disclose any confidential materials and any violation of that agreement is subject to any sanctions available either under rule or the inherent power of the court.

**IT IS SO ORDERED.**

Dated this 3rd day of March, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge