THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH RASBY and DOUGLAS RASBY, husband and wife, | ) ) ) CASE NO: 8:15-cv-226 |
| Plaintiff, | ) ) ) |
| vs. | ) PLAINTIFFS' BRIEF IN ) OPPOSITION TO DEFENDANT'S |
| JAMES D. PILLEN, an individual, | ) MOTION TO COMPEL ) |
| Defendant. | ) |

I, Diana J. Vogt, being first duly sworn, do state and affirm as follows:

1. I am an individual over the age of 21 years and suffer from no disability which would prevent me from testifying truthfully to the matters set forth herein.

2. I am one of the counsel representing the Plaintiffs in this matter and, as such, have personal knowledge of the facts stated herein.

3. I am the attorney who reviewed the correspondence which was redacted and selected for redaction only material that I deemed to be in need of the protection provided to core privileged communications which are those specifically seeking or giving legal advice. The content of the emails that were produced do not constitute "privileged material" comprised of requests for legal advice or legal advice.

4. We produced the documents the way we did, rather than withholding in its entirety every page of email that does contain some privileged legal advice in hopes of moving things forward without the Court having to conduct an in-camera review. We believed that during an in-camera review the Court would determine that (as discussed in our brief in opposition to motion to compel) disclosure of facts is not privileged, the content of

1

communications already made to or planned to be made to third parties is not privileged, and speculation regarding the thoughts or potential future actions of someone else are not privileged.

5. Contained in the voluminous emails, however, were some instances in which Ms. Rasby requested and Mr. Wells provided actual legal advice. Those are the portions of the emails which are redacted. The redactions were made uniformly without regard to the content.

6. No privilege log was produced because all the information required of a privilege log, i.e., the parties communicating, the date of the communication, identity of the parties to the communication and sufficient information to raise a presumption of privilege are contained in the un-redacted portions of the emails. Any further elaboration on the reason why the material was redacted would necessarily reveal the communication itself. A privilege log was mentioned in the parties' stipulation because it was anticipated that entire documents might be withheld.

7. Plaintiff does not at this time plan to rely on confidential portions of the emails to prove the duress that Ms. Rasby was under when she signed the settlement agreement.

8. Plaintiff plans to prove duress through Ms. Rasby's knowledge of the historic operations of the company, her past income, lack of income from any source other than PST, and her anticipated tax obligations based on her past distributions and taxes.

9. The effect of imputed income on tax obligations will also be the subject of expert testimony.

10. There are witnesses other than the McGrath North attorneys who are expected to testify to Ms. Rasby's mental state when she entered into the agreement with Mr. Pillen.

11. The attorneys from McGrath North have not been designated as witnesses by the Plaintiffs and Plaintiffs have no present intention to designate attorneys from McGrath North as witnesses.

12. Mr. Wells of McGrath North was designated by Defendants as a person having relevant knowledge.

Dated this 8th day of July, 2016.

_____
Diana J. Vogt

STATE OF NEBRASKA   )
                    )ss.
COUNTY OF DOUGLAS   )

Subscribed and sworn to before me on this 8th day of July, 2016, by the person known to me to be Diana J. Vogt.

GENERAL NOTARY-State of Nebraska
ALYSIA D WALLER
My Comm. Exp. Sept 5, 2016

_____
Notary Public in and for Said State
My Commission Expires:

[SEAL]