## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **DEBORAH RASBY and DOUGLAS** | ) | |
| **RASBY, husband and wife,** | ) | **CASE NO: 8:15-cv-226** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **DECLARATION OF DIANA J. VOGT** |
| **vs.** | ) | **IN SUPPORT OF MOTION TO** |
| | ) | **COMPEL** |
| **JAMES D. PILLEN, an individual,** | ) | |
| | ) | |
| **Defendant.** | ) | |

I, Diana J. Vogt, state and declare as follows:

1.      I am an individual over the age of 21 years and suffer from no disability which would prevent me from testifying truthfully to the matters set forth herein.

2.      I am one of the counsel representing the Plaintiffs in this matter and, as such, have personal knowledge of the facts stated herein.

3.      On or about March 10, 2016, Plaintiffs filed and served a Notice of Intent to Service Subpoena on the accounting firm of Kruse, Schumacher & Smejkal, 3403 27th Street, Columbus, NE  68601-2316.  [Doc. 50.]  The subpoena attached to the Notice identifies the financial documents sought by the Plaintiffs.

4.      Defendant's counsel filed an objection to the subpoena.  [Doc. 51.]

5.      I wrote Defendant's counsel on March 22, 2016, requesting that they withdraw their objection to the subpoena.  A true and correct copy of that letter is attached hereto as Exhibit A.  I subsequently conferred with Mr. Engler by telephone and we agreed that Plaintiff would submit interrogatories seeking specific financial information rather than seeking all records rather than immediately seeking relief from the objection to subpoena.

1

6.      The interrogatories (Plaintiff's Second Set of Interrogatories to Defendant) intended to acquire some of the information sought through the request for all financial records was served on Defendant on June 8, 2016 and Plaintiffs received Defendant's responses and objections on July 11, 2016.  A true and correct copy of Defendant's responses to Plaintiff's Interrogatories (Second Set) is attached hereto as Exhibit B.

7.      Following further discussion between counsel, Defendant's counsel served amended supplemental answers to Plaintiffs' Second Set of Interrogatories.  The Amended Supplemental Responses are attached hereto as Exhibit C.

8.      On or about June 20, 2016, Defendant served an expert report of a rebuttal expert, Robert F. Aucone.  A true and correct of that report is attached hereto as Exhibit D.

9.      Mr. Aucone's report criticizes the report of Plaintiff's expert in large part because Mr. Startzer performed a "calculated value."

10.     Mr. Aucone's report states: "In my opinion, a full valuation engagement, resulting in a conclusion of value, after applying several valuation approaches, is required in the context of this litigation."

11.     Mr. Aucone also criticizes Mr. Startzer for having failed to interview Mr. Pillen (the other owner of the relevant businesses), stating:  "In my experience, a valuation analysts [sic] always attempts to arrange a meeting with the majority owners of the business as well as individuals who are key to the operations of the business in order to obtain a full understanding of the nature, history, and future operations of the business."

12.     Mr. Startzer has provided counsel with an list of questions that need to be answered and documents he needs to complete a full valuation analysis.  A true and correct copy of this list is attached hereto as Exhibit E.

13.     Prior to drafting his report, Mr. Startzer was provided with a copy of all the financial information produced by Defendant as part of this lawsuit in both initial disclosures and in response to discovery requests.

14.     The documents produced to date by Defendant do not include all the documentation identified in Mr. Startzer's list of necessary information and do not include the documents which, according to Defendant's expert, are necessary to perform a proper valuation of the companies.

15.     Defendant's answers to the interrogatories served on Plaintiff to avoid seeking unnecessary documents were not fully answered.  [See Exhibit B.]

16.     Correspondence between Plaintiffs' counsel and Defendant's counsel regarding Plaintiffs' second Interrogatories is attached hereto as Exhibits F and G, respectively.

17.     Plaintiff's counsel believes that the documents which Mr.  Startzer needs for a valuation engagement will be received by Plaintiffs if this Court overrules the Defendant's objection to Plaintiffs' subpoena to Defendant's outside accounting firm, Kruse, Schumacher & Smejkal.

18.     Although Mr. Aucone's report references only Mr. Startzer's calculated value for Double D, the value of PST was derived from its management of multiple entities and, therefore, documents for all of those entities are required in order to determine the value of Plaintiffs' damages.

19.     Mrs. Rasby has brought this suit to recover the value of her interest in the companies that she was forced to sell to Mr. Pillen because of the economic duress caused by his actions.  In order to prove the value of her interest in the company Mrs. Rasby will have to present evidence regarding the value of the companies.

20.     In addition to proving the value of the companies Mrs. Rasby has to determine the extent to which the businesses in which she did not own an interest may have intertwined their finances with the companies in which she did have an interest in order to make the value of her ownership interest appear less than it was.

21.     Mrs. Rasby also has a right to examine the financial records of those companies in which she did not have an interest to determine whether Mr. Pillen took the steps he said he was going to with respect to financing those companies or if Mr. Pillen made those statements for the sole purpose of causing  her to sell her interest to him at less than a fair value.

22.     I did inform counsel for Defendant that a motion to compel was being filed.


I do hereby declare and affirm that the foregoing is true and correct and that I am signing this declaration under penalty of perjury on this 1st day of September, 2016 in Omaha, Nebraska.

_____ */s/ Diana J. Vogt*_____
Diana J. Vogt