IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH RASBY and DOUGLAS RASBY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES D. PILLEN an individual,<br><br>Defendant. | Case No. 8:15-cv-226<br><br>**DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES (SECOND SET)** |

TO:   Plaintiff Deborah Rasby by and through her counsel of record.

JAMES D. PILLEN ("Defendant") by and through his counsel, hereby respond to Plaintiff's Second Set of Interrogatories to Defendant. As discovery is ongoing, Defendant reserves the right to supplement these responses as further information is developed and disclosed during the course of this litigation.

### GENERAL OBJECTIONS

1.   Defendant objects to these Interrogatories to the extent they request Defendant to provide any information or take any action which is outside the requirements of the Federal Rules of Civil Procedure.

2.   Defendant further objects to these Interrogatories to the extent that the Interrogatories purport to require Defendant to reveal information which is subject to the attorney/client privilege and such other privileges as Defendant may be entitled to claim. Moreover, Defendant objects to the Interrogatories to the extent that they require Defendant to provide information that is protected under the attorney work product doctrine or any similar privilege or doctrine which Defendant may assert.

3.   Defendant objects to the Interrogatories to the extent that the same are overbroad, vague, ambiguous and seeking information which is not reasonably calculated to lead to the discovery of relevant information and/or not relevant to the claims or defenses of

EXHIBIT B

any party to this action. Moreover, Defendant objects to the Interrogatories, or portions thereof, in which Plaintiff seeks information about "all," "each," and "every" document(s), or "all," "each," and "every" fact(s) and documents that "relate to" or "pertain to" certain facts, events or information. Terminology of this sort is overly broad, vague and ambiguous because the information sought would appear to encompass documents or information only remotely related to a particular inquiry stated in these interrogatories. It would be unduly burdensome for Defendant to review each document in their files, or to interview every person known to Defendant to ensure Defendant has not overlooked any minor documents or facts marginally related to discovery. Defendant has made a good-faith effort to answer Plaintiff's Interrogatories within reasonable parameters pertinent to the claims in the case.

4. Defendant objects to these Interrogatories to the extent that the same contain information which is of a purely confidential and proprietary interest, which information is not reasonably calculated to lead to the discovery of relevant or admissible information and/or not relevant to the claims or defenses of any party to this action.

5. Defendant objects to Plaintiff's Interrogatories to the extent that any Interrogatory seeks information that constitutes the actual "work product" or trial preparation material of the Plaintiff's attorneys or other representatives or reflects the mental impressions, conclusions, opinions or legal theories of the Plaintiff's attorneys or other representatives.

6. Defendant objects to these Interrogatories insofar as they are insufficiently limited in scope, time, and business unit.

7. Each of the foregoing general objections is incorporated into each of the individual responses below.

EXHIBIT B

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 12:** Does Pillen Family Farms ("PFF") act as manager for the following entities:

    a.    Bartlett Foods;

    b.    Bartlett Food Feed Mill;

    c.    GGP, LLC ("GGP");

    d.    Danbred Production, LLC ("Danbred Production");

    e.    Danbred PMG, Inc. ("Danbred PMG");

    f.    Double D Family Farms, LLC ("Double D");

    g.    Imperial Foods, LLC ("Imperial Foods");

    h.    Inland Foods Partnership ("Inland Foods");

    i.    Northern Nance, LLC ("Northern Nance");

    j.    Northern Plains, LLC ("Northern Plains");

    k.    Platte Center West, LLC ("Platte Center");

    l.    JDP, LLC ("JDP");

    m.    Inland Feed Mill;

    n.    PST Milling, Inc. ("PST Milling");

    o.    Humphrey Equipment, LLC ("Humphrey Equipment");

    p.    O'Neill Finishers, LLC ("O'Neill");

    q.    PST Gene Center, LLC ("PST Gene"); and

    r.    PST Vet Services ("PST Vet").

**ANSWER:** No.

**INTERROGATORY NO. 13:** If PFF is not the manager of any of the above entities, please state:

    a.    Is the entity still in existence; and

3

EXHIBIT B

b.  What person or entity manages the business;

**ANSWER**:

a.
- a.  Bartlett Foods – Yes.
- b.  Bartlett Food Feed Mill – Was never a separate legal entity
- c.  GGP, LLC ("GGP") – Yes
- d.  Danbred Production, LLC ("Danbred Production") – No
- e.  Danbred PMG, Inc. ("Danbred PMG") – No
- f.  Double D Family Farms, LLC ("Double D") – Yes
- g.  Imperial Foods, LLC ("Imperial Foods") – Yes
- h.  Inland Foods Partnership ("Inland Foods") – Inland Foods, LLC is still in existence.
- i.  Northern Nance, LLC ("Northern Nance") – Yes
- j.  Northern Plains, LLC ("Northern Plains") – Yes
- k.  Platte Center West, LLC ("Platte Center") – Yes
- l.  JDP, LLC ("JDP") – Yes
- m.  Inland Feed Mill – Was never a separate legal entity
- n.  PST Milling, Inc. ("PST Milling") – Yes
- o.  Humphrey Equipment, LLC ("Humphrey Equipment") – Yes
- p.  O'Neill Finishers, LLC ("O'Neill") – No
- q.  PST Gene Center, LLC ("PST Gene") – Yes
- r.  PST Vet Services ("PST Vet") – Yes

b.  Defendant objects to subpart b of Interrogatory No. 14 on the grounds that the term "manage" is vague and ambiguous.

EXHIBIT B

**INTERROGATORY NO. 14:** State the amount of distributions made to any person or entity by each of the entities identified in Interrogatory No. 12 from 2012 through the present. (For purposes of this interrogatory, "distributions" does not include the payment of ordinary business expenses. "Distributions" refers only to payments made as a share of profits, to pay tax liability, or as a result of liquidation or sale of the business).

**ANSWER:** Defendant objects to Interrogatory No. 14 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case. From and after June 2012, Plaintiff ceased having any ownership interest in Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene and at no time had no interest in any of other entities. Plaintiff claims damage under a theory of economic duress; that is, Plaintiff claims that she was damaged because under duress she accepted a lower buy-out payment than she was otherwise entitled to. Any measure of Plaintiff's damages therefore can only be calculated from the date of the buyout and earlier, and thus, any information pertaining to distributions made from these entities after the date of the buyout is neither relevant nor proportional to the needs of the case. Defendant further objects to Interrogatory No. 14 to the extent it seeks information pertaining to Danbred Production and Danbred PMG as those entities are in no way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case.

**INTERROGATORY NO. 15:** Between 2012 and the present have any of the following entities received assets, infusions of capital, or any financial benefit from PFF or any of the entities managed by Progressive Swine Technologies ("PST") prior to 2012?

    a.    Bartlett Foods;

    b.    GGP;

    c.    Danbred Production;

    d.    Danbred PMG;

EXHIBIT B

  e. Imperial Foods;

  f. Inland Foods;

  g. Platte Center;

  h. JDP; and

  i. Humphrey Equipment.

**ANSWER**: Defendant objects to Interrogatory No. 15 on the grounds that it is vague and ambiguous. Specifically, it is not clear what information Plaintiff is seeking with the phrase "or any of the entities managed by Progressive Swine Technologies ("PST") prior to 2012." Defendant further objects to Interrogatory No. 15 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case to the extent it seeks information pertaining to Danbred Production and Danbred PMG as those entities are in no way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case.

Notwithstanding the above objections, Defendant states that between 2012 to present, Bartlett Foods, GGP, Imperial Foods, Inland Foods, Platte Center, JDP, and Humphrey Equipment have not received assets, infusions of capital, or any financial benefit from PFF.

**INTERROGATORY NO. 16**: If the answer to Interrogatory No. 15 is "yes" for any of the entities, for each please identify:

  a. The assets, capital, or other financial benefit received; and

  b. The entity which transferred the assets, capital or benefit.

**ANSWER**: See Objection and Answer to Interrogatory No. 15 above.

**INTERROGATORY NO. 17**: Does PFF manage the same entities that were previously managed by PST?

**ANSWER**: No.

**INTERROGATORY NO. 18:** If PFF does not manage the same entities managed by PST in 2012, please identify the change in management and the reason for the change.

**ANSWER:** Progressive Swine Technologies, Inc. ("PST") was established so that Defendant through PST could manage farm operations for several entities in which the majority owners of those entities had no swine background or swine knowledge. Once the ownership structure of the entities managed by PST changed; including but not limited to, the buy-outs of Ken Morrison, Brett Gottsch and Cindy Gottsch, there was no longer a need for PST to provide management services to these entities.

**INTERROGATORY NO. 19:** Does PST continue to exist as an entity and, if so, what business or businesses is it engaged in.

**ANSWER:** No.

**INTERROGATORY NO. 20:** If ownership of any of the businesses identified in Interrogatories No. 12 and 15 have been transferred or the business has been liquidated, please state:

    a. Whether the ownership was transferred or business liquidated;

    b. If ownership was transferred, was it in exchange for anything of value and, if so, the amount or value for which it was transferred; and

    c. If the business was liquidated, the value received as a result of the liquidation, if any, and the entity to which the value was paid or assigned.

**ANSWER:** Defendant objects to Interrogatory No. 20 on the basis that it is vague and ambiguous. Specifically, it is unclear what is meant by transfer of ownership. Defendant further objects to Interrogatory No. 20 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case to the extent it seeks information pertaining to Danbred Production and Danbred PMG as those entities are in no

EXHIBIT B

way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case.

**INTERROGATORY NO. 21:** For each of the following entities state when the entity was formed, the purpose of the entity, why the separate entity was formed, the source of the start-up funds for the entity, and if the entity preformed any of the same functions performed by PST or any of the businesses managed by PST.

a. Bartlett Foods;

b. GGP;

c. Danbred Production;

d. Danbred PMG;

e. Imperial Foods;

f. Inland Foods;

g. Platte Center;

h. JDP; and

i. Humphrey Equipment.

**ANSWER:** Defendant objects to Interrogatory No. 21 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case to the extent it seeks information pertaining to Danbred Production or Danbred PMG as those entities are in no way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case. Notwithstanding this objection, Defendant states as follows:

| Entity Name | Formation Date | Purpose | Why entity was formed | Source of Start-up funds | Functions Performed |
|---|---|---|---|---|---|
| Bartlett Foods | 1995 | Establish a 5,100 sow farm, nursery and finish system with | Formed by Ken Morrison for a 5,100 head farrow to | Ken Morrison | Operation of a 5,100 head farrow to finish and mill. |

8

EXHIBIT B

| | | feed mill. | finish and mill business. | | |
|---|---|---|---|---|---|
| GGP | 1997 | Establish a 15,000 head farrow to finish business with Gottsch family. | Formed by Gottsch, Gottsch and Pillen to operate a 15,000 head farrow to finish business | Jim Pillen, Brett Gottsch, Bob Gottsch | Operation of a 15,000 head farrow to finish business |
| Imperial Foods | 11/26/07 | Purchase finisher farm in Imperial, NE | Formed by Pillen to purchase 78,000 finish spaces in Imperial, Nebraska | 100% Jim Pillen | Operation of a 78,000 finish business |
| Inland Foods | 1996 | Establish a 5,100 sow farm, nursery and finish system with feed mill. | Formed by Ken Morrison and Jim Pillen for a 5,100 head farrow to finish and mill | Ken Morrison and Jim Pillen | Operation of a 5,100 head farrow to finish and mill. |
| Platte Center | 1994 | Construct the first sow farm. | Formed by Jim Pillen to start his first 5,100 head sow farm. | Jim Pillen | Operation of a 5,100 head farrow to finish business |
| JDP | 2004 | Ability to do business in South Dakota | Formed by Jim Pillen to do business in South Dakota | Jim Pillen | Operation of finish farms in South Dakota |
| Humphrey Equipment | 2007 | Establish a transportation and service center. | Formed by Jim Pillen to start a service and transportation business. | Jim Pillen | Operation of a transportation business. |

9

EXHIBIT B

**INTERROGATORY NO. 22:** For each of the entities identified in Interrogatory No. 21, please identify all distributions of profits made by those entities from 2000 through the present. For purposes of this interrogatory distribution does not include payments made in the ordinary course of business and includes only distributions of profits or distributions made in payment for tax liabilities for imputed income.

**ANSWER:** Defendant objects to Interrogatory No. 22 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case. Specifically, Defendant objects to Interrogatory No. 22 to the extent it seeks information after the date of Plaintiff's buy-out. From and after June 2012, Plaintiff ceased having any ownership interest in Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene and at no time had no interest in any of other entities. Plaintiff claims damage under a theory of economic duress; that is, Plaintiff claims that she was damaged because under duress she accepted a lower buy-out payment than she was otherwise entitled to. Any measure of Plaintiff's damages therefore can only be calculated from the date of the buyout and earlier, and thus, any information pertaining to distributions made from these entities after the date of the buyout is neither relevant nor proportional to the needs of the case. Defendant further objects to Interrogatory No. 22 to the extent it seeks information pertaining to Danbred Production or Danbred PMG as those entities are in no way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case. Notwithstanding this objection, Defendant states as follows:

Information pertaining to Bartlett Foods and Inland Foods is not in Defendant's possession, custody, or control. For all other entities, from 2006 to 2012, no cash distributions in excess of contributions were made.

EXHIBIT B

DATED: July 11, 2016

                      JAMES D. PILLEN, Defendant.

By:   REMBOLT LUDTKE LLP
        3 Landmark Centre
        1128 Lincoln Mall, Ste. 300
        Lincoln, NE 68508
        (402) 475-5100

By:   _/s/ Sheila A. Bentzen_
        Tim Engler (#15094)
        tengler@remboltlawfirm.com
        Mark A. Fahleson (#19807)
        mfahleson@remboltlawfirm.com
        Sheila A. Bentzen (#25020)
        sbentzen@remboltlawfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 11, 2016, she caused a true and correct copy of the foregoing to be sent by email and by ordinary United States mail, first class postage prepaid, addressed to the following:

James D. Sherrets
Diana J. Vogt
Robert S. Sherrets
SHERRETS BRUNO &VOGT LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114

                                        _/s/ Sheila A. Bentzen_
                                        Sheila A. Bentzen

EXHIBIT B