IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBORAH RASBY and DOUGLAS RASBY, husband and wife, | ) ) ) | Civil Action No. 8:15-cv-226 |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **DEFENDANT'S AMENDED SUPPLEMENTAL ANSWERS TO PLAINTIFF'S INTERROGATORIES (SECOND SET)** |
| JAMES D. PILLEN, and individual, | ) ) ) | |
| Defendant. | ) ) ) | |

TO:   Plaintiff Deborah Rasby by and through her counsel of record.

JAMES D. PILLEN ("Defendant") by and through his counsel, hereby provide supplemental response to Plaintiff's Second Set of Interrogatories to Defendant. As discovery is ongoing, Defendant reserves the right to supplement these responses as further information is developed and disclosed during the course of this litigation.

**INTERROGATORY NO. 20:** If ownership of any of the businesses identified in Interrogatories No. 12 and 15 have been transferred or the business has been liquidated, please state:

   a.   Whether the ownership was transferred or business liquidated;

   b.   If ownership was transferred, was it in exchange for anything of value and, if so, the amount or value for which it was transferred; and

   c.   If the business was liquidated, the value received as a result of the liquidation, if any, and the entity to which the value was paid or assigned.

**ANSWER:** Defendant objects to Interrogatory No. 20 on the basis that it is vague and ambiguous. Specifically, it is unclear what is meant by transfer of ownership. Defendant further objects to Interrogatory No. 20 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case to the extent it seeks

EXHIBIT C

information pertaining to Danbred Production and Danbred PMG as those entities are in no way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case.

Notwithstanding the above objections, Defendant states that certain of the information sought by Interrogatory No. 20 may be derived from the documents produced herewith and bates-stamped PILLEN02608-PILLEN02616.

**AMENDED ANSWER**: Defendant objects to Interrogatory No. 20 on the basis that it is vague and ambiguous. Specifically, it is unclear what is meant by transfer of ownership. Defendant further objects to Interrogatory No. 20 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of the case to the extent it seeks information pertaining to Danbred Production and Danbred PMG as those entities are in no way related to the allegations at issue in this case nor are they affiliated with the entities at issue in this case.

Notwithstanding the above objections, Defendant states that certain of the information sought by Interrogatory No. 20 may be derived from the documents produced herewith and bates-stamped PILLEN02644-PILLEN02652.

DATED: July 26, 2016

JAMES D. PILLEN, Defendant.

By: REMBOLT LUDTKE LLP
3 Landmark Centre
1128 Lincoln Mall, Ste. 300
Lincoln, NE 68508
(402) 475-5100

By: _____
Tim Engler (#15094)
Mark A. Fahleson (#19807)
Sheila A. Bentzen (#25020)

EXHIBIT C

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 26, 2016, she caused a true and correct copy of the foregoing to be sent by email and by ordinary United States mail, first class postage prepaid, addressed to the following:

James D. Sherrets
Diana J. Vogt
Robert S. Sherrets
SHERRETS BRUNO &VOGT LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114

_____
Sheila A. Bentzen

4813-5101-2405, v. 1

EXHIBIT C