SHERRETS BRUNO & VOGT LLC

| | | |
|---|---|---|
| James D. Sherrets<br>licensed in Arizona, Colorado &<br>Nebraska | 260 Regency Parkway Drive, Ste. 200<br>Omaha, NE  68114 | Robert S. Sherrets<br>licensed in Kansas, Nebraska &<br>Missouri |
| Jason M. Bruno<br>licensed in Arizona, Minnesota,<br>Nebraska & Texas | 8700 E Vista Bonita Drive, Ste. 236<br>Scottsdale, AZ  85255 | James C. Boesen<br>licensed in Nebraska & Iowa |
|  | Phone:  (402) 390-1112<br>Fax:  (402) 390-1163 | Jared C. Olson<br>licensed in Nebraska & Arizona |
| Diana J. Vogt<br>licensed in Nebraska | www.sherretslaw.com<br>E-mail: law@sherrets.com | James L. Schneider<br>licensed in Nebraska |

July 13, 2016

**VIA EMAIL: TEngler@remboltlawfirm.com**
**MFahleson@remboltlawfirm.com**
**SBentzen@remboltlawfirm.com**

Tim Engler
Mark A. Fahleson
Sheila A. Bentzen
Rembolt Ludtke LLP
3 Landmark Centre
1128 Lincoln Mall, Ste. 300
Lincoln, NE  68508

Re:     *Rasby v. Pillen*

Dear Counsel:

We have received your answers to Plaintiff's Second Set of Interrogatories.  These interrogatories were sent pursuant to an agreement among counsel that we would narrow the information we were seeking regarding Mr. Pillen's multiple entities rather than move to compel our subpoena to the outside accountants.

However, the answers and objections to these interrogatories do not appear to have been responded to in good faith.  Objecting that the word "manage," is "vague and ambiguous" is certainly not a good faith objection.  Similarly, objecting to "transfer of ownership" on the grounds that it is too vague and ambiguous is clearly intended solely to prevent us from obtaining necessary information.

Ms. Rasby is entitled to the information requested in Interrogatories 14 and 22.  Part of the duress placed on Ms. Rasby was Mr. Pillen's assertion that he was going to cease making distributions and instead reinvest all funds in other companies.  We are entitled to know if he actually ceased distributions or if his statement was made for the sole purpose of forcing Ms.

EXHIBIT F

July 13, 2016
Page **2** of **2**

Rasby to accept his unreasonably low buyout offer.  This information is relevant and we are entitled to receive it.

With regard to Interrogatories 15 and 16, by identifying the entities that did *not* receive "assets, infusions of capital, or any financial benefit from PFF or other entities," as requested by Interrogatory No. 15, you avoided answering "yes" for Danbred Production and Danbred PMG which apparently did receive assets or financing addressed in Interrogatory No. 15.  We are entitled to know what was received by those two entities and which entities were responsible for the influx of assets or other financial benefit.

The recent opinion of Mr. Aucone, waives any objections based on "proportionality."  Mr. Aucone's entire opinion is that Mr. Startzer could not come to an accurate opinion on value because he did not have certain information that would be necessary to form such an opinion.  However, throughout discovery Mr. Pillen has refused to give us the information *your expert* opines is necessary to value Ms. Rasby's interest in the companies.  That opinion makes every item of information identified by Mr. Aucone relevant to this case.

Enclosed with this letter is a list of information which has been requested by Mr. Startzer that is necessary to form the foundation for his opinions pursuant to your expert's criticisms.  Based on Mr. Pillen's refusal to answer our interrogatories in good faith, we are forced to move to compel all documents sought in our original subpoena and will be seeking all information set out on Mr. Startzer's list.

Mr. Engler and I had been discussing the extension of certain interim deadlines.  I had requested a extension of those deadlines for 60 days and Mr. Engler suggested 45.  Because we have not reached an agreement I will be filing a motion to extend those interim deadlines by 60 days.

Please call me if you wish to discuss these matters.  In addition, I will be serving deposition notices for the person most knowledgeable for each of the business entities, so please determine who that will be for each entity and provide me with available dates.

Sincerely,

Diana J. Vogt
For the Firm

Enclosure

EXHIBIT F