**Rembolt | Ludtke**

Alan D. Slattery
Robert L. Nefsky
Peter C. Wegman
Daniel E. Klaus *
Timothy F. Clare
Timothy R. Engler
Timothy L. Moll
Jane F. Langan Mach
Mark A. Fahleson
Brian S. Kruse
Troy S. Kirk *
David J. A. Bargen
Ramzi J. Hynek
Andrew S. Pollock
Benjamin E. Moore
Tara Tesmer Paulson
Mark R. Richardson
Sheila A. Bentzen ±
Christopher C. Cassiday
Halley Ostergard Kruse

OF COUNSEL
Donald L. Dunn
Rick D. Lange

RETIRED
James E. Rembolt
David A. Ludtke

* also admitted in Colorado
± also admitted in Iowa

Rembolt Ludtke LLP
*Attorneys at Law*

*Lincoln · Seward*

<u>VIA EMAIL</u>

July 15, 2016

Diana Vogt
SHERRETS BRUNO & VOGT LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114
dvogt@sherrets.com

RE: *Rasby v. Pillen*

Dear Diana:

In connection with your July 13, 2016 letter, please consider this our response. Of course, we remain willing to "meet and confer" in person or by telephone to further discuss attempting to seek a mutually acceptable resolution of this discovery issue without involving the court. As you know, we have an obligation to do so and we will do whatever we can to meet that obligation. In fact, our last telephone conversation discussing discovery was very productive and led to your set of interrogatories in which we provided meaningful information without imposing undue hardship and expense on either party. We would further like to maintain such a dedicated approach.

With that in mind, we have the following points in response to your letter:

> 1. Your concern about not responding in good faith to the words "manage" and "transfer of ownership" was certainly not an attempt on our part to prevent appropriate discovery. We will answer the questions posed but will not guess at what the words mean. As you know, the term "Manage" is defined many ways in law, especially when we are dealing with limited liability companies. If you could be more specific as to what you are looking for in terms of the word "manage," we will respond to the interrogatory. Similarly, the phrase "transfer of ownership" needs clarification as to whether you are talking about a change of a Member within an entity of a sale of an entire entity. Again, this term becomes difficult when we are dealing with multiple entities and multiple limited liability companies.



3 Landmark Centre
1128 Lincoln Mall, Suite 300
Lincoln, Nebraska 68508
P  402.475.5100
F  402.475.5087
info@remboltlawfirm.com

EXHIBIT G

July 15, 2016
Page 2



2. As for Interrogatories 14 and 22, you need to rephrase the question to only request information for the entities that were specifically involved in the transaction at the basis of the complaint. We are not going to provide information for a "fishing expedition" for entities in which Ms. Rasby did not have any ownership interest.

3. With regard to Interrogatory 15, it is importatnt for us to clarify that the Pillen companies and Danbred are two separate and distinct entities. Ms. Rasby never had any involvement with Danbred. Danbred has always had a different CEO, a different CFO, different leadership teams, etc. Pillen Family Farms is a commercial business. Danbred is a genetics business. These two companies are very much separate and distinct. Danbred should not be brought into any aspect of the discovery for purposes of this case.

4. In your letter, you also state that Defendant has waived objections based on proportionality in light of Mr. Aucone's expert report. We respectfully disagree. At the outset, Ms. Rasby's decision to engage Mr. Startzer for a calculation of value engagement was made before Ms. Rasby made any requests for documents to Defendant. Additionally, Mr. Aucone's opinion as to the deficiencies of Mr. Startzer's calculations focus only on those entities in which Ms. Rasby had an ownership interest and only on events occurring on and before the date of Ms. Rasby's buyout. Thus, to the extent you are still seeking documents outside of this date range or for unrelated entities, these documents remain not proportional to the needs of this case. If you are requesting documents prior to the date of the buyout and for the entities in which Ms. Rasby had an ownership interest, please let us know what those documents are.

5. In connection with the list of information which has been requested by Mr. Startzer, please clarify what you are asking us to do. Until we have a specific request regarding the information requested, we do not know how to respond.

Finally, you stated in your letter that you intend to serve deposition notices for each of the business entities. Again, please provide us with a list of the entities you wish to depose so we can start working on identifying the appropriate individual(s). As for dates, please let us know how many dates you are looking for and how long you anticipate taking. In other words, do we have one date for each entity or will there be multiple dates.

We look forward to hearing from you.

EXHIBIT G

July 15, 2016
Page 3



Very truly yours,

Timothy R. Engler
tengler@remboltlawfirm.com

cc: Sarah Pillen
 Mark Fahleson
 Sheila Bentzen

31305.004.4851-8025-2213, v. 1

EXHIBIT G