**EXHIBIT 2**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH RASBY and DOUGLAS RASBY, husband and wife, ) ) ) | Civil Action No. 8:15-cv-226 |
| Plaintiff, ) ) | |
| v. ) ) ) | AFFIDAVIT OF JAMES D. PILLEN IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL |
| JAMES D. PILLEN, an individual, ) ) | |
| Defendant. ) | |

STATE OF NEBRASKA   )
                    )ss.
COUNTY OF PLATTE    )

I, James D. Pillen, being first duly sworn under oath, state and affirm as follows:

1. I am over the age of 18 and have personal knowledge of the facts contained in this affidavit.

2. This Affidavit is submitted in connection with the introduction of evidence in opposition of Plaintiff's Motion to Compel.

3. I am the Defendant in the above-captioned action and the former majority shareholder of Progressive Swine Technologies ("PST"). Plaintiff Deborah Rasby ("Rasby") is a former employee and minority shareholder of PST.

4. In 1992, I formed Pillen Livestock Production Company to formalize my operation of 60 sows on a dirt lot with my father since 1983.

5. In 1993, I entered into a verbal agreement with Midwest Farms who wanted me to manage their hog operation in Furnas County, Nebraska, of which I owned 3 and 1/3%. I also partnered with Mike Wilke to form Platte Center West Partnership for the purpose of constructing a 2,500 head sow farm in Platte County, Nebraska.

6. As a result of the agreements with Midwest Farms and Mike Wilke, Pillen Livestock Production Company started doing business as Progressive Swine Technologies

("PST"). PST's sole purpose was to serve as a swine management business for these hog businesses with inactive investors. PST's profits consisted of the management fees it received from entities to whom it provided management.

7. In late 1993 or early 1994, Pillen Livestock Production Company d/b/a PST hired Rasby as an accountant. In addition to her $85,000 per year salary, I offered Rasby a 10% profit share in Pillen Livestock Production Company d/b/a PST as a benefit to her employment. Rasby did not contribute any of her own funds to receive this interest in Pillen Livestock Production Company d/b/a PST.

8. Over time, I started certain partnerships due to Initiative 300, including Northern Plains Partnership ("Northern Plains"), Northern Nance Partnership ("Northern Nance"), Double D Family Farms Partnership ("Double D"), PST Milling ("PST Milling"), and PST Gene Center Partnership ("PST Gene"). As an employee incentive, I gave Rasby a 10% ownership interest in Northern Plains, Northern Nance, PST Milling, and PST Gene and a 5% ownership interest in Double D. Rabsy did not contribute any of her own funds to receive an interest in these companies nor did she sign any long-standing personal guarantees.

9. Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene (collectively the "Companies") are all single purpose businesses. Each of the Companies operate independent of each other and independent of all other entities. Each of the Companies maintains their own finances, own location, and own employees. None of these entities own an interest in any other entities, nor do they operate any other entities.

10. Overtime, Pillen Livestock Production Company d/b/a PST began to offer management services to additional businesses. As Pillen Livestock Production d/b/a PST managed more businesses, it earned increased management fees, which benefited Rasby who had a 10% profit share.

11. I had and continue to have an ownership interest in some of the additional entities PST managed. I am familiar with the fact that Rasby claims she should have been given the opportunity to also have an ownership interest in these entities (hereinafter "Outside Companies"). However, other than the fact that PST managed these Outside Companies (which benefited Rasby), these Outside Companies were unrelated to the existing corporate policy's and purposes of PST, Northern Nance, Northern Plains, Double D, PST Gene, and PST Milling. Additionally, having an interest in these Outside Companies would not have given PST, Northern Nance, Northern Plains, Double D, PST Gene, and/or PST Milling any sort of practical advantage.

DATED: September __19__, 2016

_____
James D. Pillen

SUBSCRIBED AND SWORN to before me, a Notary Public, on this __19th__ day of September, 2016, by James D. Pillen.

GENERAL NOTARY - State of Nebraska
MICHELLE M. NAYLOR
My Comm. Exp. March 3, 2020

_____
Notary Public

4812-2833-7720, v. 1

3