IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH RASBY, | |
|  Plaintiff, | **8:15CV226** |
|  v. | |
| JAMES D. PILLEN, | **MEMORANDUM AND ORDER** |
|  Defendant. | |

This matter is before the court on defendant's objection, Filing No. 98, to the order of the magistrate judge, Filing No. 81, denying his motion to compel, Filing No. 60. Further, defendant files a second objection, Filing No. 99, to the magistrate judge's order, Filing No. 89, granting a motion to compel, Filing No. 77. Plaintiff Deborah Rasby sues defendant James Pillen to set aside a release and to obtain the fair market value of her interest in certain properties.

A magistrate judge's authority over nondispositive pretrial matters is governed by 28 U.S.C. § 636(b)(1)(A). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). On review of a decision of the magistrate judge on a nondispositive matter, the district court may set aside any part of the magistrate judge's order that it finds is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see Ferguson v. United States,* 484 F.3d 1068, 1076 (8th Cir. 2007). ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law."). A magistrate judge is afforded broad discretion in the resolution of

nondispositive discovery disputes.  *Bialas v. Greyhound Lines, Inc.,* 59 F.3d 759, 764 (8th Cir. 1995).

On review of a magistrate judge's order on a nondispositive matter, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  A decision is "'clearly erroneous' "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Chakales v. C.I.R.,* 79 F.3d 726, 728 (8th Cir. 1996) (quoting *Chase v. Commissioner,* 926 F.2d 737, 740 (8th Cir. 1991).

**Motion to Compel,** Filing No. 60

Defendant seeks production of documents requested from third-party attorneys who previously represented plaintiff Deborah Rasby during a transaction that served as the preface to this lawsuit.

The magistrate found the following facts, and the court adopts them for purposes of this Memorandum and Order:

> This cases arises from the parties' business relationship, which culminated in an agreement between them for Pillen to purchase Rasby's business ownership interest in associated companies such as Progressive Swine Technologies, Inc. (PST), a management company for various entities dealing with pork production including farms, feed mills, and swine genetics.  *See* Filing No. 5 - Amended Complaint ¶¶ 7-8, 11.  PST began operations on January 1, 1994, when Pillen held a 90% interest and Rasby held the remaining 10%.  *Id.* ¶ 8.  The parties each received a salary from 2001 to 2011.  *Id.* ¶ 9.  Since 1994 PST paid distributions to the parties based on their ownership interests, with Rasby receiving approximately $2,250,471 between the years 2000 through 2011.  *Id.* ¶ 10.  Rasby alleges she learned Pillen was using their company assets to benefit himself and his personal companies to her disadvantage.  *Id.* ¶¶ 12-16.  Rasby states she confronted Pillen with her information, but he became hostile and refused to discuss it.  *Id.* ¶ 16.  In May of 2011, Rasby

2

decided to retire from PST with the understanding she would still receive monthly distributions. *Id.* ¶ 17. After Rasby's retirement, Pillen increased his salary from $110,000 to $1,000,000 and stopped making distribution payments. *Id.* ¶¶ 19-21. On April 13, 2012, Pillen offered to purchase Rasby's interest in the companies at less than market value and warned her he planned to liquidate PST and stop cash distributions from her other companies. *Id.* ¶¶ 23-24, 26. Rasby understood if she retained her business interests she would have substantial tax liability exposure without the income or distributions to pay it. *Id.* ¶¶ 22, 24, 27. Rasby alleges Pillen's agent told her Pillen "was going to 'F' with her" and he threatened to "blow up PST" so she "would be looking for work again." *Id.* ¶ 28. Rasby searched for investors to buy her interest but, due to Pillen's actions, investors refused. *Id.* ¶ 29. Pillen gave Rasby two weeks to agree to sell to him or he would close PST. *Id.* ¶ 30. On June 29, 2012, Rasby executed the Unit Purchase Agreement, selling her interests in the companies to Pillen. *Id.* ¶ 31.

Filing No. 81, at 1-2. Rasby claims Pillen forced her to agree and enter into the Purchase Agreement. She claims undue influence (Count 1), fraudulent misrepresentation (Count II), securities fraud (Count III), loss of opportunities (Count IV), and breach of fiduciary duty (Count V). Pillen denies these claims and alleges that Rasby engaged in wrongdoings. Pillen also asserts claims for breach of contract for filing this lawsuit in violation of the express terms of the Purchase Agreement (First Counterclaim), breach of fiduciary duty (Second Counterclaim), breach of duty of loyalty (Third Counterclaim), unjust enrichment (Fourth Counterclaim), fraud (Fifth Counterclaim), conversion (Sixth Counterclaim), and civil extortion (Seventh Counterclaim).

The dispute in question now before the court occurred when Pillen requested production of documents from Rasby that related to her previous attorneys, McGrath North law firm. The request related to the drafting and negotiation of the purchase agreement. The parties eventually agreed that McGrath would produce the responsive

documents to Rasby with a privilege log.  Certain documents were produced to Pillen in February, March and May.  There were redacted emails in the May production, and the content was not listed on the privilege log.

Pillen contends that Rasby waived the attorney-client privilege with regard to the redacted emails.  He wants them to establish Rasby's state of mind when entering into the agreements.  Rasby argues she did not waive the attorney-client privilege.  She contends she placed only Pillen's conduct at issue, as she was aware of the tax implications of his threats.

The magistrate carefully analyzed the facts and law and determined that Rasby "placed only Pillen's conduct at issue when she alleged fraud and duress.  Rasby did not engage in an affirmative act which placed her confidential attorney-client communications at issue."  Filing No. 81, at 7.  The magistrate further concluded that

> "[t]he facts associated with Rasby's claims, including Pillen's alleged conduct, whether Rasby sought and received the advice of counsel, and other influences on Rasby's state of mind, may be relevant.  Pillen has means to access such facts, for example by asking Rasby what alternatives she considered.  Rasby's confidential attorney-client communications extend beyond the facts to encompass matters sheltered in the interests of justice by an important privilege and the ultimate issues for resolution by the jury."

*Id.* at 7-8.

Pillen next contended that Rasby waived her rights to assert attorney-client privilege when she disclosed some full and some redacted emails.  The magistrate judge stated:

> Here, Rasby concealed the confidential communications--that is those containing communications made for the purpose of facilitating the rendition of professional legal services.  Rather, Rasby provided emails

4

and parts of emails containing unprivileged facts and communications intended to be sent to outside parties. Rasby sustained her burden of establishing the privilege applies and no voluntary or involuntary waiver occurred.

*Id.* at 8.

The magistrate judge concluded that the motion to compel productions of documents should be denied.

Pillen objects to the findings of the magistrate judge. In particular, Pillen contends the magistrate judge erred in concluding that Rasby did not place her confidential attorney-client communications at issue; and that she did not waive her attorney-client privilege by partial disclosure.

The court has carefully reviewed the facts, the law, the magistrate's decision, as well as each of Pillen's objections. The court concludes that the magistrate judge is correct in all respects. A decision made by the magistrate will only be set aside if it is clearly erroneous or is contrary to law. *See* Fed. R. Civ. P. 72(a). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Gateway, Inc. v. Companion Prod., Inc.,* 384 F.3d 503, 507–08 (8th Cir. 2004) (emphasis supplied). The court can reverse the magistrate judge's order upon a showing that he "fails to apply the relevant law." *Jenkins v. Pech,* No. 8:14CV41, 2015 WL 3872388, at *2 (D. Neb. June 23, 2015) (quoting *Brooks v. Lincoln Nat'l Lif Ins. Co.,* No. 8:05CV118, 2006 WL 2487937, at *3) (D. Neb. Aug. 25, 2006). The court agrees with the magistrate judge that Pillen has failed to make any such showing. There is no evidence that confidential communications were disclosed. Thus, this motion is denied.

5

**Motion to Compel, Filing No. 77**

Plaintiff Rasby moved to compel further answers to interrogatories, production of documents, and to serve subpoenas on non-party accountants. Rasby wanted to obtain information regarding the financial condition of Progressive Swine Technologies, Inc. (PST) and other companies owned or controlled by Pillen. Rasby contends that this discovery is relevant because it is "an action to set aside a release and obtain the fair value for the interest [she] formerly owned in business entities in which [Pillen] retains his interest." *See* Filing No. 79, Brief, p. 1. Rasby contends there were multiple businesses related to PST wherein Pillen failed to offer Rasby an opportunity to participate in ownership of those businesses.

Rasby wanted to subpoena these records to establish that Pillen "made intentional misrepresentations regarding his plans to furnish money to related entities and to demonstrate the value of those entities for which Ms. Rasby should have been given the opportunity for ownership." Filing No. 79 at 4. Pillen argues the request is irrelevant and overly broad.

The magistrate judge determined that Rasby sustained her burden of demonstrating relevance, as the requests bear on her claims about the value of PST as well as the conduct with regard to PST. However, the magistrate judge further found that Rasby did not meet her burden with respect to the time period requested, "through the present." The magistrate judge concluded that the request should be limited to two years after the buyout. Filing No. 89 at 5.

Pillen objects, contending the information requested is not relevant, as (1) it is plaintiff's personal financial information, and (2) plaintiff did not hold an interest in some

6

of the companies wherein she requests information.  The court has carefully reviewed the facts, the law, the magistrate's decision, as well as each of Rasby's objections.  The court concludes that the magistrate judge is correct in all respects.  The information is in fact relevant to Rasby's claims, and the magistrate reduced the request to a reasonable timeframe.

THEREFORE, IT IS ORDERED THAT:

1.  James Pillen's motion to compel production of documents, Filing No. 60, is denied;

2.  James Pillen's objections, Filing No. 98, are overruled;

3.  The order of the magistrate judge, Filing No. 81, is adopted in its entirety;

4.  Rasby's motion to compel, Filing No. 77, is granted in part;

5.  The order of the magistrate judge, Filing No. 89, is adopted in its entirety; and

6.  Pillen's objections, Filing No. 99, are overruled.

Dated this 30th day of March, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge