

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DEBORAH RASBY and DOUGLAS RASBY, husband and wife, | ) ) ) | Civil Action No. 8:15-cv-226 |
| Plaintiff, | ) ) ) | AFFIDAVIT OF TIMOTHY R. ENGLER IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL |
| v. | ) ) ) | |
| JAMES D. PILLEN, an individual, | ) ) | |
| Defendant. | ) | |

STATE OF NEBRASKA )
 )ss.
COUNTY OF LANCASTER )

I, Timothy R. Engler, being first duly sworn under oath, state and affirm as follows:

1. My name is Timothy R. Engler and I am an attorney in the law firm of Rembolt Ludtke LLP, 3 Landmark Centre, 1128 Lincoln Mall, Suite 300, Lincoln, NE 68508.

2. I am over the age of 18 and have personal knowledge of the facts contained in this affidavit.

3. Rembolt Ludtke represents Defendant, James D. Pillen, in the above-captioned case.

4. This Affidavit is submitted in connection with the introduction of evidence in support of Defendant's Motion to Compel and to recite the efforts by counsel to meet and confer in a sincere effort to resolve this discovery dispute prior to filing the Motion to Compel.

5. On or about December 22, 2015, Defendant served upon Plaintiff Deborah Rasby ("Rasby") Defendant's Requests for Production (First Set). A true and correct copy of which is attached hereto as "Attachment A." Defendant's Requests for Production Nos. 15, 16, and 17 seek production of documents related to Plaintiff's representation by McGrath

North Mullin & Kratz PC LLO ("McGrath") in connection with the negotiation and execution of the transaction at the basis of the Amended Complaint.

6. On or about December 23, 2015, Defendant filed and served a Notice of Intent to Serve Rule 45 Subpoena upon McGrath seeking the production of all documents relative to McGrath's representation of Plaintiff with respect to the negotiation, drafting, and execution of the transaction at the basis of the Amended Complaint. (Doc. 24).

7. On or about December 31, 2015, Plaintiff filed an Objection to Subpoena and Motion to Quash on the basis that the "materials contained in the requested file are subject to the attorney-client privilege and/or are protected work product." (Doc. 25).

8. On or about January 12, 2016, Plaintiff and Defendant entered into a Joint Stipulation for Resolution of Plaintiff's Objection to Subpoena and Motion to Quash ("Joint Stipulation") in which the parties agreed that McGrath would produce all documents responsive to the subpoena to Plaintiff, who would then produce all non-privileged documents to Pillen and provide a detailed privilege log for any documents withheld on the basis of privilege. (Doc. 28).

9. On or about January 22, 2016, Plaintiff served upon Defendant her Responses to Defendant's Requests for Production (First Set), objecting to Request Nos. 15, 16, and 17 on the alleged basis that the requests are "subject to a stipulation entered between the parties. Any response or production will be provided through the stipulation regarding the subpoena to McGrath North." A true and correct copy of the responses are attached hereto as "Attachment B."

10. On or about February 19, 2016, McGrath produced documents Bates-stamped MNMK000001-000200 ("McGrath Production") to Plaintiff. On or about March 7, 2016, Plaintiff produced all of the McGrath Production to Defendant.

11. On or about May 2, 2016, Plaintiff produced additional documents to Defendant Bates-stamped DR001042.2-DR002007.2 ("Second Production"). The Second Production contains multiple emails between Plaintiff Rasby and attorneys at McGrath North. However, Rasby redacted portions of these emails prior to production. Rasby did not submit a privilege log with the Second Production.

12. On Wednesday morning, June 15, 2016 at approximately 9:30, I spoke at length by telephone with Diana Vogt regarding the emails between Rasby and Roger Wells produced by Rasby that had been redacted. We discussed at length the issue of whether Rasby could claim attorney/client privilege as to those redacted emails. At that time, I agreed to send her the emails that we were requesting be produced with no redaction. I also asked Vogt to confirm that the sole basis for redaction was the attorney/client privilege.

13. On June 16, 2016 at 1:44 p.m., I emailed Vogt the list of emails with Bates numbers as well as the redacted emails, a copy of the emails and attachments are identified and attached to my affidavit as "Attachment C."

14. Later that day, Vogt emailed back and confirmed that the sole basis for the redactions was the attorney/client privilege. At that point, counsel again spoke on the telephone and agreed that the parties would "agree to disagree" as to the scope and applicability of the attorney/ client privilege in the context of the claims made by Rasby in her Amended Complaint. Counsel agree the most efficient way to resolve the dispute was for the Defendant to file a Motion to Compel asking the Court to decide the scope and applicability of the attorney/client privilege as it relates to communications between Rasby and Roger Wells relating to the transaction which serves as the basis of the Amended Complaint. A ruling on this issue will also assist the parties in addressing the scope and

applicability of the privilege as it pertains to the deposition of Roger Wells which will be scheduled promptly after the Court's ruling.

DATED: June 24, 2016

                                                Timothy R. Engler #15940

SUBSCRIBED AND SWORN to before me, a Notary Public, on this 24th day of June, 2016, by Timothy R. Engler



GENERAL NOTARY - State of Nebraska
BARB LEVOS
My Comm. Exp. July 30, 2018

Notary Public

4847-1242-8595, v. 1
4847-1242-8595, v. 1

4