IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DEBORAH RASBY,

                    Plaintiff,                          **8:15CV226**

          vs.

JAMES D. PILLEN,                                        **ORDER**

                    Defendant.

This matter is before the Court on Plaintiff's Motion for Attorney's Fees for Motions to Compel. (Filing No. 107.) The motion will be denied.

## BACKGROUND

Plaintiff's Motion for Attorney's Fees arises out of two motions to compel that were filed in this case.

On June 24, 2016, Defendant filed a motion to compel production of documents (Filing 60), requesting an order compelling Plaintiff to produce documents related to Plaintiff's previous attorneys who represented Plaintiff in connection with a transaction that served as the preface to this lawsuit. Plaintiff withheld these documents on the basis of the attorney-client privilege. In support of the motion to compel, Defendant argued that Plaintiff waived the privilege and, therefore, the documents were subject to production. On September 19, 2016, United States Magistrate Judge Thomas Thalken entered an order denying the motion. (Filing No. 81.) Defendant objected to Judge Thalken's order (Filing No. 98), but the order was later adopted by Senior United States District Court Judge Joseph Bataillon in its entirety. (Filing No. 106.)

On September 1, 2016, Plaintiff filed a motion to compel (Filing No. 77), requesting that the Court order Defendant to provide supplemental responses to several interrogatories and leave to serve a subpoena to an outside accounting firm. Defendant opposed the motion, arguing that the information sought was overbroad and not proportional to the needs of the case. (Filing No.

83.)  On October 17, 2016, Judge Thalken entered an order granting the motion in part, limiting the time period for the information sought.  (Filing No. 89.)  Defendant objected to Judge Thalken's order (Filing No. 99), but the order was later adopted in its entirety by Judge Bataillon.  (Filing No. 106.)

## DISCUSSION

Plaintiff seeks attorney's fees under Federal Rule of Civil Procedure 37, which governs the payment of expenses for motions to compel discovery.  Rule 37(a)(5) provides:

> If [a] motion [to compel] is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:  (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust.

Rule 37(a)(5) further states:

> If [a] motion [to compel] is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees.  But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5).  Additionally, if a motion is granted in part and denied in part, as was the case with Plaintiff's motion to compel, a court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion."  Fed. R. Civ. P. 37(a)(5)(C).

The Court will deny Plaintiff's request to recover attorney's fees.  (Filing No. 107.) Defendant asserted reasonable arguments in connection with the motions to compel, and the arguments were seemingly made in good faith.  Plaintiff's motion to compel was only granted in part, and was filed after several attempts were made to resolve the dispute.  *See Ecolab Inc. v.*

*Paraclipse, Inc.*, No. 8:97CV304, 2004 WL 6248065, *2 (D. Neb. Jan. 8, 2004) ("[C]ourts have generally focused on the genuineness of the dispute and whether an impartial observer would agree that a party had good reason to withhold discovery, when determining whether the opposition was reasonable and made in good faith") (internal quotation omitted). Although Defendant's motion to compel was denied, it was also only filed after counsel for the parties conferred, and the basis for the motion—applicability/waiver of the attorney-client privilege—was a plausible and complicated argument.

Upon reviewing the circumstances surrounding each of the motions to compel, the Court finds both Defendant's motion to compel (Filing No. 60) and Defendant's opposition to Plaintiff's motion to compel (Filing No. 83) substantially justified. Therefore, an award of attorney's fees to Plaintiff is not warranted in this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees for Motions to Compel (Filing No. 107) is denied.

Dated this 30th day of June, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge