IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

EXHIBIT 4

DEBORAH RASBY and            )
DOUGLAS RASBY, husband       )
and wife,                    ) CASE NO. 8:15-cv226
                             )
         Plaintiffs,         ) DEPOSITION TAKEN IN
                             )
         vs.                 ) BEHALF OF DEFENDANT
                             )
JAMES D. PILLEN, an          )
individual,                  )
                             )
         Defendant.          )


DEPOSITION OF:  DOUGLAS RASBY

DATE:  July 19, 2017

TIME:  9:35 a.m.

PLACE:  260 Regency Parkway Drive, Suite 200, Omaha, Nebraska

Page 2

```
 1              A P P E A R A N C E S:

 2   APPEARING FOR THE PLAINTIFFS:

 3        Mr. Robert S. Sherrets
          Attorney at Law
 4        260 Regency Parkway Drive
          Suite 200
 5        Omaha, NE 68114
          law@sherrets.com
 6
     APPEARING FOR THE DEFENDANT:
 7
          Mr. Timothy R. Engler
 8        Ms. Sheila A. Bentzen
          Attorneys at Law
 9        3 Landmark Centre
          1128 Lincoln Mall, Ste. 300
10        Lincoln, NE 68508
          tengler@remboltlawfirm.com
11        sbentzen@remboltlawfirm.com

12   ALSO PRESENT:

13        Kara Barnett and Deborah Rasby

14

15

16

17

18

19

20

21

22

23

24

25
```

Page 2

1                            I-N-D-E-X

2     WITNESS          Direct    Cross    Redirect    Recross
3     DOUGLAS RASBY      5        42         --          --
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1           S-T-I-P-U-L-A-T-I-O-N-S
2       It is hereby stipulated and agreed by and
3   between the parties that;
4       Notice of taking said deposition is
5   waived; notice of delivery of said deposition
6   is waived.
7       Presence of the witness during the
8   transcription of the stenotype notes is waived.
9       All objections are reserved until the time
10  of trial except as to form and foundation of
11  the question.
12          The reading of Rule 6-330(8)(a) and
13  6-330(8)(c) having been waived.
14              DOUGLAS RASBY,
15   Of lawful age, being first duly cautioned and
16    solemnly sworn as hereinafter certified, was
17          examined and testified as follows:
18              DIRECT EXAMINATION
19  BY MR. ENGLER:
20  Q.      Good morning.  For the record, please
21  state your name and spell your last name.
22  A.      Douglas Rasby, R-A-S-B-Y.
23  Q.      Mr. Rasby, my name is Tim Engler.  I'm
24  the attorney for Jim Pillen in this lawsuit.
25  We've met before at depositions of Mr. Wells

Page 5

1    and then Ms. Rasby.  And I know that you've at
2    least observed those depositions and kind of
3    saw how we went through the process with the
4    question and answer.
5            Just a couple of things I want to remind
6    you of for the benefit of the transcript and
7    the court reporter.  We need audible responses
8    to the questions.  So if you shake your head
9    like you're doing right now --
10   A.      Yes.
11   Q.      -- we'll know what we mean.  But -- so
12   if I say is that a yes or no, I'm not trying to
13   badger you.  Fair enough?
14   A.      Fair enough.
15   Q.      Good enough.  Also, this is probably the
16   most important part of the introduction of the
17   deposition.  And it's simply this, please let
18   me know if you don't understand a question I
19   ask.  Don't be shy about that.
20           A lot of times witnesses think it's
21   their fault they don't understand a question.
22   And probably 90 percent of the time, it's
23   because the attorney asked a bad question.
24   A.      Okay.
25   Q.      So I really want to hold you to your

1  A.     Correct.

2  Q.     Okay. So I assume during the period of
3  time that these negotiations occurred, you were
4  kept up to speed as to what was going on?

5  A.     Yes.

6  Q.     We know that there was a decision made
7  to have the interest transferred from Ms. Rasby
8  to Mr. Pillen. Were you involved in that
9  decision?

10 A.     Yes.

11 Q.     You and your wife discussed it
12 extensively?

13 A.     Yes.

14 Q.     It was a joint decision?

15 A.     Yes.

16 Q.     Did you have any involvement with any of
17 the accountants that were consulted during the
18 period of time in the 2011, 2012? By that I
19 mean the Frankel Zacharia firm. I think I'm
20 pronouncing that wrong. But Bill Startzer and
21 Gene Arnold? Did you have any meetings with
22 them or talk to them?

23 A.     I was with Deb when she met with them.

24 Q.     Was it just the one meeting that you
25 recall?