# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORAH RASBY,<br><br>             Plaintiff,<br><br>vs.<br><br>JAMES D. PILLEN,<br><br>             Defendant. | **8:15CV226**<br><br>**THIRD AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE** |

       This matter is before the Court on the parties' Joint Motion to Amend Order Setting Final Schedule for Progression of Case. (Filing No. 130.) The motion is granted.

       Accordingly,

       **IT IS ORDERED** that the provisions of the Court's earlier, initial progression order remain in effect, and in addition to those provisions, the following shall apply:

       1.    **Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **August 1, 2017**. *See* NECivR 56.1 and 7.0.1.

       2.    **Discovery Deadlines:**

          a.  **Deposition Deadline.** Plaintiff has identified the following additional fact witnesses she wishes to depose: Dan O'Connor, Brett Bonwell, Sarah Pillen, Brock Pillen, Rick Schumacher, and/or Kruse, Schumacher, Smejkal & Brockhaus, P.C. Plaintiff will complete depositions of these witnesses no later than **August 31, 2017**. With respect to all other fact witnesses, the previous deadline remains in place.

          b.  **Expert Depositions.** The parties shall complete the depositions of all expert witnesses no later than **September 29, 2017**.

          c.  **Written Discovery Deadline.** The parties have completed written discovery and do not request an extension of this deadline. However, on July 19, 2017, Plaintiff issued a Notice of Intent to Serve Rule 45 Subpoena (Filing No. 124), which Defendant objected to (Filing No. 126). Counsel for the Plaintiff and Counsel for Defendant have conferred and agreed that the subpoenas referenced in Filing No. 124 may go forward with the understanding that no further written discovery will be issued.

          d.  **Discovery Motions.** Discovery motions shall be filed not later than **March 31, 2017,** as to matters which are then ripe for decision; discovery matters

arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.0.1(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

3. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

   a. **Nonexpert Witnesses - On or before January 22, 2018:** The name, address and telephone number[1] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

   b. **Deposition Testimony and Discovery** - The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

   c. **Trial Exhibits - On or before January 22, 2018:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

   d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

4. **Motions in Limine.**

   a. Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **October 17, 2017**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

---

[1] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. See NECivR 5.0.3.

b. Any other motions in limine shall be filed on or before **February 5, 2018**.

5. The **Final Pretrial Conference** with the assigned magistrate judge is set for **February 12, 2018 at 11:00 a.m.** in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[2] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference. Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

6. **Mediation and Settlement:**

   a. If the parties intend to mediate their dispute, **notice of the mediation** shall be given to the staff of the assigned magistrate judge's office. The filing of a mediation reference order will terminate pending motions, without prejudice to refiling. If the mediation is not successful, the moving party may reinstate such a motion by filing a written notice to that effect, and the other parties may respond in accordance with the local rules, regarding the date of the notice as reinstating the response/reply time that remained as of the date the mediation reference order was filed.

   b. Not later than **two weeks prior to trial**, plaintiff or plaintiff's counsel shall serve on defendant or defendant's counsel a written, updated settlement proposal. Defendant or defendant's counsel shall respond in writing to such proposal not later than one week before trial.

   c. **Notice of settlement** shall be given to the trial judge's office as soon as practicable but in any event in time to avoid summoning a jury. If a case settles and notice of settlement is not given in sufficient time to avoid summoning a jury, assessment of jury costs may – and normally will – be made against a party and/or counsel for one or more of the parties. For purposes of this paragraph, a jury is considered summoned for a trial at noon the business day prior to the designated date of trial.

---

[2] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. See NECivR 5.0.3.

7. **A 5-day Jury Trial** is set to commence, at the court's call, during the week of **February 26, 2018**, in **Omaha**, Nebraska, before the **Honorable Joseph F. Bataillon**, United States District Judge. Unless otherwise ordered, jury selection shall be at the commencement of trial.

8. **Motions to Alter Dates.** All requests for changes of deadlines or settings established herein shall be directed to the assigned magistrate judge by appropriate motion, including all requests for changes of trial dates. Such motions shall not be considered in the absence of a showing by counsel of due diligence in the timely development of this case for trial and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

DATED this 1st day of August, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge