EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DEBORARY RASBY and DOUGLAS, RASBY, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES D. PILLEN, an individual,<br><br>Defendant. | Case No. 8:15-cv-226<br><br>DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION (FOURTH SET) |

TO: Deborah Rasby by and through her counsel of record.

JAMES D. PILLEN ("Defendant") by and through his counsel, hereby respond to Plaintiffs' Fourth Set of Requests for Production. As discovery is ongoing, Defendant reserves the right to supplement these responses as further information is developed and disclosed during the course of this litigation.

## GENERAL OBJECTIONS

1. Defendant objects to the Plaintiffs' Requests insofar as they purport to request the disclosure of confidential communications between the Defendant and his counsel or material produced in anticipation of litigation or for trial.

2. The production or dissemination of any information pursuant to Plaintiffs' Requests are without prejudice to Defendant's rights to later object that such information is protected by the attorney/client privilege, the work product doctrine, and/or the anticipation of litigation doctrine, and the production of such information was inadvertent; nor shall the production of any information be construed as an admission by Defendant that said information is relevant, material, authentic or otherwise admissible as evidence.

3. Defendant reserves the right to supplement their responses to any of Plaintiffs' Requests as discovery is continuing.

4. These General Objections apply to every response provided hereafter as though fully

set forth in each specific response.

**REQUEST NO. 47:**   For each of the following entities, please produce copies of:

1. Articles of incorporation or organization

2. Bylaws; and

3. Operating Agreements;

    a. Bartlett Foods;

    b. GGP, LLC ("GGP");

    c. Double D Family Farms, LLC ("Double D");

    d. Imperial Foods, LLC ("Imperial Foods");

    e. Inland Foods, LLC ("Inland Foods");

    f. Northern Nance, LLC ("Northern Nance");

    g. Northern Plains, LLC ("Northern Plains");

    h. Platte Center West, LLC ("Platte Center");

    i. JDP, LLC ("JDP");

    j. PST Milling, Inc. "(PST Milling");

    k. Humphrey Equipment, LLC ("Humphrey Equipment");

    l. PST Gene Center, LLC ("PST Gene"); and

    m. PST Vet Services ("PST Vet").

**RESPONSE:**   Response documents are enclosed herewith.

**REQUEST NO. 48:**   For each of the following entities please provide copies of any appraisal reports of the company that were performed in the last 9 years:

    a. Bartlett Foods;

    b. Bartlett Food Feed Mill;

    c. GGP, LLC ("GGP");

d. Danbred Production, LLC ("Danbred Production");

e. Danbred PMG, Inc. ("Danbred PMG");

f. Double D Family Farms, LLC ("Double D");

g. Imperial Foods, LLC ("Imperial Foods");

h. Inland Foods Partnership ("Inland Foods");

i. Northern Nance, LLC ("Northern Nance");

j. Northern Plains, LLC ("Northern Plains");

k. Platte Center West, LLC ("Platte Center");

l. JDP, LLC ("JDP");

m. Inland Feed Mill;

n. PST Milling, Inc. ("PST Milling");

o. Humphrey Equipment, LLC ("Humphrey Equipment");

p. O'Neill Finishers, LLC ("O'Neill");

q. PST Gene Center, LLC ("PST Gene"); and

r. PST Vet Services ("PST Vet").

**RESPONSE**: Defendant objects to Request No. 48 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of this case. From and after January 1, 2012, the effective date of Plaintiff's buyout, she ceased having an ownership interest in Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene and at no time did she have an interest in any of the other above-named entities. Plaintiff claims damage under a theory of economic duress; that is, Plaintiff claims that she was damage because under duress she accepted a lower buy-out payment than she was otherwise entitled to. Any measure of Plaintiff's damages therefore can only be calculated from the effective date of the buyout and earlier, and thus, any information beyond this date or for entities in

3

which Plaintiff did not hold an interest is neither relevant nor proportional to the needs of this case.

Notwithstanding this objection, Defendant produces herewith appraisals for the entities Plaintiff had an interest for the years 2007-2011.

**REQUEST NO. 49:** For each of the entities identified in Request No. 47, provide copies of any financial projections and/or strategic plans drafted from 2009 forward.

**RESPONSE:** Defendant objects to Request No. 49 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of this case. From and after January 1, 2012, the effective date of Plaintiff's buyout, she ceased having an ownership interest in Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene and at no time did she have an interest in any of the other above-named entities. Plaintiff claims damage under a theory of economic duress; that is, Plaintiff claims that she was damage because under duress she accepted a lower buy-out payment than she was otherwise entitled to. Any measure of Plaintiff's damages therefore can only be calculated from the effective date of the buyout and earlier, and thus, any information beyond this date or for entities in which Plaintiff did not hold an interest is neither relevant nor proportional to the needs of this case.

Notwithstanding this objection, Defendant produces herewith all financial projections and/or strategic plans performed for the entities Plaintiff had an interest for the years 2009-2011.

**REQUEST NO. 50:** Provide copies of each form W-2 and/or K-1 issued to owners and officers of each company identified in Request No. 47 for the years 2007-2012.

**RESPONSE:** Defendant objects to Request No. 50 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of this case. From and after January 1, 2012, the effective date of Plaintiff's buyout, she ceased having an ownership

4

interest in Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene and at no time did she have an interest in any of the other above-named entities. Plaintiff claims damage under a theory of economic duress; that is, Plaintiff claims that she was damage because under duress she accepted a lower buy-out payment than she was otherwise entitled to. Any measure of Plaintiff's damages therefore can only be calculated from the effective date of the buyout and earlier, and thus, any information beyond this date or for entities in which Plaintiff did not hold an interest is neither relevant nor proportional to the needs of this case.

Notwithstanding this objection, Defendant produces herewith W-2s and K-1s issued for the entities Plaintiff had an interest in for the years 2007-2011.

**REQUEST NO. 51**: Please produce copies of financial statements prepared by outside accountants for the years 2007 through 200012 [sic] for each company identified in Request No. 47. If the financial statements are not prepared by outside accountants, please provide the financial statements prepared by the company.

**RESPONSE**: Defendant objects to Request No. 51 on the grounds that it is overbroad, seeks irrelevant information, and is not proportional to the needs of this case. From and after January 1, 2012, the effective date of Plaintiff's buyout, she ceased having an ownership interest in Double D, Northern Nance, Northern Plains, PST Milling, and PST Gene and at no time did she have an interest in any of the other above-named entities. Plaintiff claims damage under a theory of economic duress; that is, Plaintiff claims that she was damage because under duress she accepted a lower buy-out payment than she was otherwise entitled to. Any measure of Plaintiff's damages therefore can only be calculated from the effective date of the buyout and earlier, and thus, any information beyond this date or for entities in which Plaintiff did not hold an interest is neither relevant nor proportional to the needs of this case.

Notwithstanding this objection, Defendant produces herewith financial statements prepared by outside accountants for the entities Plaintiff had an interest in for the years 2007-2011.

**REQUEST NO. 52:** Please provide copies of any purchase/sale documents relating to any transactions in the stock or interest in the companies identified in Request No. 47.

**RESPONSE:** Responsive documents are enclosed herewith.

**REQUEST NO. 53:** If any of the companies identified in Request No. 47 operate on property that is leased from other entity or person, provide a copy of the lease agreement.

**RESPONSE:** Not applicable.

**REQUEST NO. 54:** Please provide copies of any documents recording or memorializing transactions carried out with related companies by the entities identified in Request No. 47, whether revenue or expense.

**RESPONSE:** Defendant objects to Request No. 54 on the grounds that the Request is vague and ambiguous as it is not clear what information Plaintiff is seeking through the terms "any documents recording or memorializing transactions carried out with related companies by the entities identified in Request No. 47, whether revenue or expense."

**REQUEST NO. 55:** Please provide copies of all correspondence, contracts, agreements, or any other documentation relating to the buyout of the interests of Ken Morrison, Brett Gottsch and Cindy Gottsch.

**RESPONSE:** Responsive documents are enclosed herewith.

**REQUEST NO. 56:** Please provide copies of all correspondence in any form, contracts, and/or documentation of any kind relating to referring to or constituting communications with Mr. Weiss regarding the buyouts of the interests of any person other than Ms. Rasby.

**RESPONSE:** Responsive documents are enclosed herewith.

**REQUEST NO. 57:** Please provide documents demonstrating any adjustments to

financial reports or tax returns made because of the use of the accrual method of accounting.

**RESPONSE:** Defendant objects to Request No. 56 on the grounds that the Request is vague and ambiguous as it is not clear what information Plaintiff is seeking when she requests "documents demonstrating any adjustments to financial reports or tax returns made because of the use of the accrual method of accounting."

DATED: September 28, 2016

JAMES D. PILLEN, Defendant

By: REMBOLT LUDTKE LLP
3 Landmark Centre
1128 Lincoln Mall, Ste. 300
Lincoln, NE 68508
(402) 475-5100

By: *[signature]*
Tim Engler (#15094)
tengler@remboltlawfirm.com
Mark A. Fahleson (#19807)
mfahleson@remboltlawfirm.com
Sheila A. Bentzen (#25020)
sbentzen@remboltlawfirm.com

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 28, 2016, she caused a true and correct copy of the foregoing to be sent by email and by ordinary United States mail, first class postage prepaid, addressed to the following:

James D. Sherrets
Diana J. Vogt
Robert S. Sherrets
SHERRETS BRUNO &VOGT LLC
260 Regency Parkway Drive, Suite 200
Omaha, NE 68114

*[signature]*
Sheila A. Bentzen